## RECORD NO. 13-10381

In The
# United States Court of Appeals
### For The Fifth Circuit

## NICOLE PAYNE,

*Plaintiff – Appellant*,

## v.

## PROGRESSIVE FINANCIAL SERVICES, INCORPORATED,

*Defendant – Appellee.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS AT FORT WORTH

_____

### APPELLANT'S RECORD EXCERPTS

_____

**Aaron D. Radbil**
WEISBERG & MEYERS, LLC
**5025 North Central Avenue, Suite 602**
**Phoenix, Arizona  85012**
**(786) 245-8622**

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Tab**

**Docket Entries** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Order Granting Motion to Dismiss of**
**The Honorable Terry R. Means**
     **filed March 26, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Final Judgment of**
**The Honorable Terry R. Means**
**Re:  Dismissing All Claims Without Prejudice**
     **filed March 26, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Plaintiff's Notice of Appeal**
     **filed April 8, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Certificate of Filing and Service** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TAB 1

APPEAL,CLOSED,JURY

# U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:12-cv-00432-Y

Payne v. Progressive Financial Services, Inc.
Assigned to: Judge Terry R Means
Case in other court: United States Court of Appeals Fifth
                     Circuit, 13-10381
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 06/25/2012
Date Terminated: 03/26/2013
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Nicole Payne**                    represented by   **Noah D Radbil**
                                                     Weisberg & Meyers LLC
                                                     5025 N. Central Ave.
                                                     # 602
                                                     Phoenix, AZ 85012
                                                     888/595-9111
                                                     Fax: 866/565-1327
                                                     Email:
                                                     noah.radbil@attorneysforconsumers.com

                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Bar Status: Admitted/In Good Standing*

                                                     **Dennis R Kurz**
                                                     Weisberg & Meyers LLC
                                                     9330 LBJ Freeway
                                                     Suite 900
                                                     Dallas, TX 75243
                                                     888/595-9111
                                                     Fax: 866/565-1327
                                                     Email:
                                                     dkurz@attorneysforconsumers.com
                                                     *TERMINATED: 09/14/2012*
                                                     *Bar Status: Admitted/In Good Standing*

                                                     **James R Claunch**
                                                     Claunch Law Firm
                                                     2912 W 6th St
                                                     Fort Worth, TX 76107
                                                     817/335-4003
                                                     Fax: 817/335-7112
                                                     Email: claunchlawoffice@gmail.com
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Bar Status: Admitted/In Good Standing*

**Kirk Matthew Claunch**
The Claunch Law Office
2912 W Sixth Street
Fort Worth, TX 76107
817/335-4003
Fax: 817/335-7112
Email: claunchlaw3@earthlink.net
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Marshall S Meyers**
Weisberg & Meyers LLC
5025 N Central Avenue
#602
Phoenix, AZ 85012
602/445-9819
Email: ecf@attorneysforconsumers.com
*TERMINATED: 10/25/2012*
*Bar Status: Not Admitted*

V.

**Defendant**

**Progressive Financial Services, Inc.**     represented by     **Robbie L Malone**
Robbie Malone PLLC
8750 N Central Expwy
Suite 1850
Dallas, TX 75231
214/346-2630
Fax: 214/346-2631
Email: rmalone@rmalonelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Eugene Xerxes Martin , IV**
Robbie Malone PLLC
Northpark Central
8750 N Central Expressway
Suite 1850
Dallas, TX 75231
214/346-2625
Fax: 214/346-2631
Email: xmartin@rmalonelaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
|  |  |  |

| 06/25/2012 | 1 | COMPLAINT WITH JURY DEMAND against Progressive Financial Services, Inc. filed by Nicole Payne. Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (Filing fee $350; Receipt number 0539-4658374) Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership (Attachments: # 1 Cover Sheet) (Kurz, Dennis) (Entered: 06/25/2012) |
| 06/26/2012 | 2 | New Case Notes: A filing fee has been paid. File to Judge Means. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. (wrb) (Entered: 06/26/2012) |
| 06/26/2012 | 3 | Summons Issued as to Progressive Financial Services, Inc.. (wrb) (Entered: 06/26/2012) |
| 06/26/2012 | 4 | ORDER Requiring Plaintiffs to Comply with Local Rule....Plaintiff must file a certificate of interested persons nlt July 10 2012. (Ordered by Judge Terry R Means on 6/26/2012) (wrb) (Entered: 06/26/2012) |
| 06/29/2012 | 5 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Nicole Payne. (Kurz, Dennis) (Entered: 06/29/2012) |
| 07/18/2012 | 6 | SUMMONS Returned Executed as to Progressive Financial Services, Inc. ; served on 7/12/2012. (Kurz, Dennis) (Entered: 07/18/2012) |
| 08/06/2012 | 7 | ANSWER to 1 Complaint,,, filed by Progressive Financial Services, Inc.. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. (Malone, Robbie) (Entered: 08/06/2012) |
| 08/06/2012 | 8 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Progressive Financial Services, Inc.. (Malone, Robbie) (Entered: 08/06/2012) |
| 08/09/2012 | 9 | ORDER TO SUBMIT JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN...parties to efile the joint status report w/in 30 days of the date of the filing of this order. (Ordered by Judge Terry R Means on 8/9/2012) (wrb) (Entered: 08/09/2012) |
| 08/21/2012 | 10 | NOTICE of Attorney Appearance by Noah D Radbil on behalf of Nicole Payne. (Radbil, Noah) (Entered: 08/21/2012) |
| 08/27/2012 | 11 | [unfiled per order of Aug 29 2011]Application for Admission Pro Hac Vice with Cert. of Good Standing for Attorney Marshall S Meyers (Filing fee $25; Receipt number FW017638) filed by Nicole Payne (wrb) Modified on 8/29/2012 (wrb). (Entered: 08/27/2012) |

| 08/29/2012 | 12 | Order Unfiling due to the following deficiency: application contains a certificate of good standing from USDC instead of an orig cert of good standing issued within the past 90 dyas from the atty licensing authority in a state in which you are admitted to practive; clerk directed to refund the $25 fee from receipt number FW017638. cy to Fin. (Ordered by Judge Terry R Means on 8/29/2012) (wrb) (Entered: 08/29/2012) |
|---|---|---|
| 09/10/2012 | 13 | NOTICE of Defendant's Initial Rule 26(a)(1) Disclosures by Progressive Financial Services, Inc.. (Malone, Robbie) Modified on 9/11/2012 (wrb). (Entered: 09/10/2012) |
| 09/10/2012 | 14 | Joint STATUS REPORT filed by Nicole Payne, Progressive Financial Services, Inc.. (Radbil, Noah) (Entered: 09/10/2012) |
| 09/11/2012 | 15 | MOTION to Substitute Attorney. Added attorney Noah D Radbil. Motion filed by Nicole Payne (Attachments: # 1 Proposed Order) (Radbil, Noah) (Entered: 09/11/2012) |
| 09/14/2012 | 16 | ORDER granting 15 Motion to Substitute Attorney. Noah Radbil substituted for Dennis R Kurz as counsel of record. (Ordered by Judge Terry R Means on 9/14/2012) (wrb) (Entered: 09/14/2012) |
| 10/01/2012 | 17 | INITIAL SCHEDULING ORDER: Parties to participate in formal settlement conference on Oct 15 2012 at offices of Deft's counsel, Robbie Malone, PLLC. Joinder of Parties due by 12/5/2012. Amended Pleadings due by 5/10/2013. Discovery due by 6/10/2013. Motions due by 7/10/2013. (Ordered by Judge Terry R Means on 10/1/2012) (wrb) (Entered: 10/02/2012) |
| 10/08/2012 | 18 | RESPONSE filed by Progressive Financial Services, Inc. re: 17 Scheduling Order, (Attachments: # 1 Proposed Order) (Malone, Robbie) (Entered: 10/08/2012) |
| 10/12/2012 | 19 | ORDER REQUIRING COMPLIANCE...On Aug 27 2012, Marshall Meyers filed Application for Admission PHV 11 which was unfiled and the fee refunded. Meyers remains on docket as co-cnsl for Pltf. Meyers must comply with Local Civil Rule 83.7 or 83.9 to seek admission to the NDTX or seek permission to proceed PHV nlt Nov 2 2012 or file m/wdraw as cnsl. (Ordered by Judge Terry R Means on 10/12/2012) (wrb) (Entered: 10/12/2012) |
| 10/16/2012 | 20 | ORDER GRANTING LEAVE.. The court grants 18 Joint Motion for Telephone Settlement conference; accordingly, the parties are granted leave to conduct their upcoming settlement-conference by phone. (Ordered by Judge Terry R Means on 10/16/2012) (wrb) (Entered: 10/16/2012) |
| 10/17/2012 | 21 | SETTLEMENT CONFERENCE REPORT filed by Progressive Financial Services, Inc.. (Malone, Robbie) (Entered: 10/17/2012) |
| 10/19/2012 | 22 | MOTION to Withdraw as Attorney filed by Nicole Payne (Attachments: # 1 Certificate of Good Standing) (Radbil, Noah) (Entered: 10/19/2012) |
| 10/19/2012 | 23 | MOTION to Dismiss filed by Progressive Financial Services, Inc. (Malone, Robbie) (Entered: 10/19/2012) |
| 10/22/2012 | 24 | SETTLEMENT CONFERENCE REPORT filed by Nicole Payne. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit(s) 1, # 2 Declaration(s) of Nicole Payne, # 3 Declaration(s) of Noah D. Radbil) (Radbil, Noah) (Entered: 10/22/2012) |
| 10/25/2012 | 25 | ORDER granting 22 Motion to Withdraw as Attorney. Attorney Marshall S Meyers terminated (Ordered by Judge Terry R Means on 10/25/2012) (wrb) (Entered: 10/25/2012) |
| 10/30/2012 | 26 | Emergency MOTION to Extend Time to Answer Discovery filed by Progressive Financial Services, Inc. (Attachments: # 1 Exhibit(s) Exhibit A, # 2 Proposed Order) (Malone, Robbie) (Entered: 10/30/2012) |
| 10/31/2012 | 27 | ORDER granting 26 Emergency Motion for Extension....Progressive shall have until November 13, 2012, to serve its responses to plaintiff Nicole Payne's interrogatories, requests for admissions, and requests for production. (See order for specifics) (Ordered by Judge Terry R Means on 10/31/2012) (ewd) (Entered: 10/31/2012) |
| 11/09/2012 | 28 | RESPONSE filed by Nicole Payne re: 23 MOTION to Dismiss (Attachments: # 1 Exhibit(s) A) (Radbil, Noah) (Entered: 11/09/2012) |
| 11/13/2012 | 29 | NOTICE of *Initial Disclosures* filed by Progressive Financial Services, Inc. (Malone, Robbie) (Entered: 11/13/2012) |
| 11/20/2012 | 30 | REPLY filed by Progressive Financial Services, Inc. re: 23 MOTION to Dismiss (Attachments: # 1 Additional Page(s) Def. App. 0001-0057) (Malone, Robbie) (Entered: 11/20/2012) |
| 01/18/2013 | 31 | NOTICE of *Defendant's Second Supplemental Initial Rule 26(a)(1) Disclosures* filed by Progressive Financial Services, Inc. (Malone, Robbie) (Entered: 01/18/2013) |
| 01/24/2013 | 32 | NOTICE of *Defendant's Second Supplemental Initial Rule 26 Disclosures* filed by Progressive Financial Services, Inc. (Malone, Robbie) (Entered: 01/24/2013) |
| 01/29/2013 | 33 | MOTION to Compel *Discovery* filed by Progressive Financial Services, Inc. with Brief/Memorandum in Support. (Attachments: # 1 Additional Page(s) Brief in Support, # 2 Additional Page(s) Def. App. 0001-0035, # 3 Proposed Order) (Malone, Robbie) (Entered: 01/29/2013) |
| 02/19/2013 | 34 | RESPONSE AND OBJECTION filed by Nicole Payne re: 33 MOTION to Compel *Discovery* (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Radbil, Noah) (Entered: 02/19/2013) |
| 03/04/2013 | 35 | REPLY filed by Progressive Financial Services, Inc. re: 33 MOTION to Compel *Discovery* (Malone, Robbie) (Entered: 03/04/2013) |
| 03/08/2013 | 36 | ORDER REGARDING DEFENDANT'S MOTION TO COMPEL....The parties shall confer and make good-faith effort to resolve discovery dispute. If able to resolve, the Defendant shall notify the Court in writing nlt Mar 21 2013 that the motion to compel 33 should be rendered moot. see order for specifics. (Ordered by Judge Terry R Means on 3/8/2013) (wrb) (Entered: 03/08/2013) |
| 03/20/2013 | 37 | MOTION to Stay *Proceedings for Sixty Days* filed by Nicole Payne |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Order, # 2 Declaration(s)) (Radbil, Noah) (Entered: 03/20/2013) |
| 03/21/2013 | 38 | Amended MOTION to Compel *Discovery* filed by Progressive Financial Services, Inc. (Attachments: # 1 Proposed Order) (Malone, Robbie) (Entered: 03/21/2013) |
| 03/21/2013 | 39 | Appendix in Support filed by Progressive Financial Services, Inc. re 38 Amended MOTION to Compel *Discovery* (Attachments: # 1 Additional Page (s) Def. App. 0001-0075, # 2 Additional Page(s) Def. App. 0076-0149) (Malone, Robbie) (Entered: 03/21/2013) |
| 03/26/2013 | 40 | ORDER GRANTING MOTION TO DISMISS...Defendant's motion to dismiss is granted. All claims dismissed without prejudice. (Ordered by Judge Terry R Means on 3/26/2013) (wrb) (Entered: 03/26/2013) |
| 03/26/2013 | 41 | FINAL JUDGMENT...All claims in the case are dismissed without prejudice. Each party shall bear its own costs. (Ordered by Judge Terry R Means on 3/26/2013) (wrb) (Entered: 03/26/2013) |
| 04/08/2013 | 42 | NOTICE OF APPEAL to the Fifth Circuit by Nicole Payne. Filing fee $455, receipt number 0539-5227791. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. (Radbil, Noah) (Entered: 04/08/2013) |
| 04/15/2013 | | Record on Appeal for USCA5 13-10381 (related to 42 appeal): Record consisting of: 1 ECF electronic record, certified to USCA. To request a copy of the record (on disk or on paper), contact the appeals deputy in advance to arrange delivery. (tle) (Entered: 04/15/2013) |
| 05/07/2013 | | Record on Appeal for USCA5 13-10381 (related to 42 appeal): 1 CD transmitted to Weisberg & Meyers LLC on disk only by mail. (tle) (Entered: 05/07/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/14/2013 12:59:43 | | | |
| **PACER Login:** | wm1648 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:12-cv-00432-Y |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**TAB 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-432-Y |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC. | § | |

ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss (doc. 23).
After review, the Court will grant the motion.

Plaintiff brings the instant suit against Defendant for
alleged violations of the Fair Debt Collection Practices Act
("FDCPA"), the Texas Debt Collection Practices Act ("TDCPA"), and
the Texas Deceptive Trade Practices Act ("DTPA"). In support of
her FDCPA claims, Plaintiff alleges that Defendant, in attempting
to collect a debt, repeatedly called her "with [the] intent to
harass, annoy[,] or abuse" her and did so at times it knew "to be
inconvenient for Plaintiff." (Pl.'s Compl. ¶¶ 107, 109.)
Plaintiff further alleges that, during these phone calls,
Defendant's representatives did not "meaningfully disclose [their]
identity and, more particularly, did not apprise her that the
communication[s] [were] from a debt collector." (*Id.* ¶¶ 111, 113.)
Defendant now moves for dismissal under Federal Rules of Civil
Procedure 12(b)(6) and 12(b)(1).

As far as Defendant's Rule 12(b)(6) challenge is concerned,
the Court concludes that Defendant has waived its opportunity to
assert a failure-to-state-a-claim defense in the form of a Rule

12(b) motion.  Rule 12(b) provides that all of its enumerated

defenses, including failure to state a claim, "must be made before

pleading if a responsive pleading is allowed." Fed. R. Civ. P.

12(b).  Because Defendant did not file its Rule 12(b)(6) motion

until after it had filed its answer, and because its answer did not

include the defense of failure to state a claim, the Court

concludes that Defendant is precluded from asserting that defense

at this time.[1]

Defendant's Rule 12(b)(1) challenge, on the other hand, is

properly before the Court because subject-matter jurisdiction may

be reviewed at any time.  *See* Fed. R. Civ. P. 12(h)(3).  Defendant

contends that Plaintiff's claims are moot--and therefore the Court

lacks subject-matter jurisdiction over them--because Defendant made

Plaintiff an offer of judgment that equaled or exceeded the maximum

---

[1]     To be clear, however, the Court is **not** concluding that Defendant has **permanently** waived its failure-to-state-a-claim defense.  Rule 12(h) indicates that a party does not waive the defense of failure to state a claim merely by failing to "make it by motion" or "include it in a responsive pleading," even though certain other enumerated defenses are waived under those circumstances. Fed. R. Civ. P. 12(h)(1),(2).  Instead, Rule 12(h) explains that the defense of failure to state a claim may be raised in a Rule 7(a) pleading, a Rule 12(c) motion, or at trial.  Fed. R. Civ. P. 12(h)(2).

In the Court's view, to reconcile Rule 12(b) with Rule 12(h), one must conclude that while Defendant's omission of its failure-to-state-a-claim defense in its answer precludes it from raising that defense in a Rule 12(b) motion, such failure does not preclude Defendant from raising the defense at a later stage in the case (i.e., in a special Rule 7(a) pleading, a Rule 12(c) motion, or at trial).  *See Stearman v. C.I.R.*, 436 F.3d 533, 536 n.6 (5th Cir. 2006) ("As explained in Federal Rule of Civil Procedure 12(h), which deals specifically with waiver or preservation of certain defenses, a defense for failure to state a claim 'may be made in any pleading permitted or ordered under Federal Rule of Civil Procedure 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.'"); *Global Healing Cntr., LP v. Powell*, No. 4:10-CV-4790, 2012 WL 1709144, at *3 (S.D. Tex. May 15, 2012) ("[W]hile the defense of failure to state a claim is never waived, if it is to be raised a second time, it technically must be raised in an answer, a motion for judgment on the pleadings under Rule12(c), or at trial.").

amount of damages and costs that Plaintiff is entitled to recover in this suit.

"Under Rule 68, an offer of complete relief will generally moot the plaintiff's claim because the plaintiff no longer has a personal interest in the outcome of the litigation." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 286 (N.D. Tex. 2012) (Boyle, J.) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 n.5 (5th Cir. 2008)).[2]  The pivotal inquiry, then, is "whether [the] defendant's Rule 68 offer of judgment provided the plaintiff with complete relief." *Id.* (citing *Mabary v. Hometown Bank, N.A.*, 276 F.R.D. 196, 201 (S.D. Tex. 2011)).

Here, Plaintiff's federal claims are based on alleged violations of the FDCPA. "A debt collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorneys' fees." *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009) (citing 15 U.S.C.A. § 1692k (West 2013)); *see also Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 n.5 (5th Cir. 2002) (clarifying in dicta that "statutory damages for violation of the FDCPA in § 1692k are limited to actual damages, plus maximum statutory damages of $1000 per **action**, not per violation" (citations omitted)); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) (observing that "although [the Fifth] [C]ircuit has not

---

[2]    Different analysis is applied when the case is a class action. *See Sandoz*, 553 F.3d at 915-19.

3

definitively ruled on the issue, courts uniformly hold that the FDCPA does not authorize equitable relief" (citation omitted)).

On July 3, 2012, Defendant sent Plaintiff a Rule 68 offer of judgment via certified mail, return receipt requested, and facsimile. (Pl.'s Resp. Ex. A.) Defendant "offer[ed] to allow judgment to be taken against them [sic] in the amount of $1,001.00 as and for damages inclusive of all damages of any kind, whether actual and/or punitive, and specifically alleged in the [c]omplaint herein." (*Id.*) In addition, Defendant "offer[ed] to pay attorney fees in the present lawsuit to be determined by agreement of the parties or court order as of the date of this offer" and "the actual, taxable costs of this action up to the date of electronic service of this offer."[3] (*Id.*)

In view of this offer of judgment, the Court concludes that "there is no [federal] dispute over which to litigate." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted). Defendant has offered to pay Plaintiff the maximum amount of statutory damages that she is eligible (though not necessarily entitled) to recover, as well as her attorneys' fees and costs. Therefore, because Plaintiff "has been offered the full relief sought, [Defendant's] offer of judgment renders the case moot." *Darboe v. Goodwill Indus. of Greater N.Y. & N. N.J., Inc.*, 485 F.

---

[3]    Plaintiff makes a number of technical objections concerning Defendant's offer of judgment. But those objections are without merit.

4

Supp. 2d 221, 223 (E.D.N.Y. 2007) (citations omitted).

Plaintiff contends that the offer of judgment did not equal or exceed the maximum amount that she could recover here because she could potentially recover actual damages.  The Court disagrees.  Had Plaintiff's complaint given any indication that actual damages were recoverable in this case, then her FDCPA claims would not be moot given that the question of actual damages is one for the jury.  *See Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505, at *3-4 (5th Cir. Nov. 7, 2012) (unpublished).  It is evident from Plaintiff's complaint, however, that her claims do not present a basis for awarding actual damages.

Plaintiff's allegations are that Defendant repeatedly called her "with intent to harass, annoy[,] or abuse" her; that Defendant did so at times it knew "to be inconvenient for [her]"; and that Defendant did not "meaningfully disclose [its] identity." (Pl.'s Compl. ¶¶ 107, 109, 111, 113.)  Plaintiff describes Defendant's alleged conduct, moreover, as "highly offensive to a reasonable person." (Id. ¶ 105.)  But Plaintiff does not allege that she suffered any economic or non-economic harm other than mere annoyance and offense.  That is, she has alleged neither out-of-pocket losses nor "personal humiliation, embarrassment, mental anguish, [or] emotional distress." *Guajardo*, 2012 WL 5419505, at *5 n.6.  Thus, although Plaintiff listed "actual damages" in the prayer of her complaint, it is apparent that she is not entitled to

any such damages, at least based on her FDCPA claims.[4]

Based on the foregoing, the Court concludes that Defendant's July 3 offer of judgment rendered Plaintiff's FDCPA claims moot. Consequently, this case no longer presents a federal question. As far as Plaintiff's TDCPA and DTPA claims are concerned, the Court notes that "[i]n order for a federal court to invoke supplemental jurisdiction under *Gibbs*, it must first have original jurisdiction over at least one claim in the action." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 222 (5th Cir. 2012) (citation omitted). But even assuming that the Court has some level of discretion to retain the state-law claims, it declines to do so. See *Enochs v. Lampasas Cnty.*, 641 F.3d 155, (5th Cir. 2011) (observing that "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated" but that the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed").

Accordingly, Defendant's motion to dismiss is GRANTED. All claims in the above-styled and -numbered cause are DISMISSED

---

[4] In *F.A.A. v. Cooper*, 132 S. Ct. 1441 (2012), the United States Supreme Court discussed "actual damages" in the context of the Privacy Act of 1974. The Supreme Court observed that "[e]ven as a legal term, . . . the meaning of 'actual damages is far from clear." *Cooper*, 132 S. Ct. at 1444. Although the Court concluded that actual damages under the Privacy Act did not include damages for mental or emotional distress, it noted that the term "takes on different meanings in different contexts." *Id.* at 1454. Nevertheless, even applying a broad definition of actual damages, this Court concludes that the instant case does not present a claim for actual damages.

WITHOUT PREJUDICE.

SIGNED March 26, 2013.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

**TAB 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NICOLE PAYNE                          §
                                      §
VS.                                   §    CIVIL ACTION NO. 4:12-CV-432-Y
                                      §
PROGRESSIVE FINANCIAL SERVICES,       §
INC.                                  §

## FINAL JUDGMENT

In accordance with the Court's order entered this same day and
Federal Rule of Civil Procedure 58, all claims in the above-styled
and -numbered cause are DISMISSED WITHOUT PREJUDICE.  Each party
shall bear its own costs.

SIGNED March 26, 2013.


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

**TAB 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:12-CV-432-Y |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC. | § | |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff, NICOLE PAYNE, in the above named case, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the District Court's March 26, 2013 order granting Defendant, PROGRESSIVE FINANCIAL SERVICES, INC.'s, motion to dismiss (Document 40), and from the District Court's March 26, 2013 Final Judgment (Document 41).

Respectfully submitted,

By:  /s/ Noah D. Radbil
Noah D. Radbil
Texas Bar No. 24071015
Weisberg & Meyers, LLC
Two Allen Center, 1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:  (888) 595-9111
Facsimile:  (866) 565-1327
Email:  noah.radbil@attorneysforconsumers.com

Kirk Matthew Claunch
The Claunch Law Office
2912 W Sixth Street
Fort Worth, TX 76107
Telephone: (817) 335-4003
Facsimile:  (817) 335-7112
Email: claunchlaw3@earthlink.net

*Counsel of Record for Plaintiff*

## CERTIFICATE OF SERVICE

On April 8, 2013, I filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Fort Worth Division, using the Court's EM/ECF system.  Delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(E) on Progressive Financial Services, Inc.'s attorney of record, who is a registered user of ECF.

By:  s/Noah D. Radbil
      Noah D. Radbil

**TAB 5**

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 16th day of May, 2013, I caused this Appellant's

Record Excerpts to be filed electronically with the Clerk of the Court using the

CM/ECF System, which will send notice of such filing to the following registered

CM/ECF users:

Robbie L. Malone
ATTORNEY AT LAW
8750 North Central Expressway, Suite 1850
Dallas, Texas  75231
(214) 346-2625

*Counsel for Appellee*

/s/ Aaron D. Radbil
*Counsel for Appellant*